**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **WILLIAM MICHAEL DEXTER,** | : |
|     **Plaintiff,** | : |
| vs. | :    CIVIL ACTION 04-0526-WS-B |
| **MOBILE COUNTY,** | : |
|     **Defendant.** | : |

## REPORT AND RECOMMENDATION

Plaintiff, who is in the custody of the Alabama Department of Mental Health and Mental Retardation and is proceeding pro se, filed the instant case alleging violations under 42 U.S.C. § 1983 (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. Because Plaintiff has failed to prosecute and to comply with the Court's Order dated July 20, 2005, it is recommended that this action be dismissed without prejudice.

Plaintiff filed this Section 1983 action while incarcerated at Searcy Mental Hospital (Doc. 1). After a review of the record, Plaintiff was directed to re-file his Complaint and his Motion to Proceed Without Prepayment of Fees on this Court's forms (Doc. 3). Plaintiff filed a new complaint that was deficient and failed to file an amended motion to proceed

without prepayment of fees (Doc. 5)[1].  In an Order dated June 29, 2005, the Court ordered Plaintiff to file an amended complaint and a motion to proceed without the prepayment of fees, or to pay the $150.00 filing fee.  Plaintiff was cautioned that the failure to comply with the Court's Order would result in the dismissal of his Complaint.   On July 18, 2005, Plaintiff filed an amended complaint (Doc. 7), and a motion seeking an extension of time to pay the filing fee and appointment of counsel (Doc. 8).  On July 20, 2005, the undersigned issued an Order extending the time for payment of the filing fee until August 5, 2005, and denying Plaintiff's motion for appointment of counsel (Doc. 9).  Plaintiff was again cautioned that failure to comply with the Court's Order would result in the dismissal of his complaint.

Notwithstanding the Court's Orders, Plaintiff has not filed the motion to proceed without prepayment of fees as directed or paid the $150.00 filing fee.  Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  <u>Link v. Wabash R. R.</u>, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734

---

[1] Plaintiff also filed a motion to appoint counsel (Doc. 4), which is **DENIED**.

(1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss <u>sua sponte</u> an action for lack of prosecution); <u>World Thrust Films, Inc. v. International Family Entertainment, Inc.</u>, 41 F.3d 1454, 1456-57 (11th Cir. 1995); <u>Mingo v. Sugar Cane Growers Co-op</u>, 864 F.2d 101, 102 (11th Cir. 1989); <u>Goforth v. Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985); <u>Jones v. Graham</u>, 709 F.2d 1457, 1458 (11th Cir. 1983). <u>Accord Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); <u>Malautea v. Suzuki Motor Co.</u>, 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), <u>cert. denied</u>, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

    The attached sheet contains important information regarding objections to this Report and Recommendation.

    **DONE** this **15th** day of **September, 2005**.

                                    <u>S/SONJA F. BIVINS</u>
                                    UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

S/ SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE